SaNders, Janet L., J.
The defendant Joy Willis is charged with misleading police in violation of G.L.c. 268, § 13B. The charge is based on a 911 call in which she reported that her car had been stolen from her aunt’s home in Dorchester while she was inside. The Commonwealth seeks to use against her at trial Cellular Tower Site Location Information (CSLI) showing that her 911 call was in fact made from Randolph and that the call was an attempt to mislead police in a homicide investigation. The defendant now seeks to suppress that CSLI evidence on the grounds that it was acquired in violation of her rights under the Fourth Amendment of the United States Constitution and article 14 of the Massachusetts Declaration of Rights. After a hearing and careful review of the parties’ submissions, this Court concludes the motion must be Denied.
BACKGROUND
On May 15, 2011, an individual named Andrew Wyman was fatally stabbed in an incident that occurred around 8:20 a.m. on Massachusetts Avenue. A white 1992 Dodge Dynasty with what appeared to be bloodstains on it was recovered in the area of the incident and was identified as having been involved in the stabbing. Further police investigation led to the arrest of the defendant’s boyfriend Darryl Mitchell, charged with manslaughter in connection with Wyman’s death.
Police determined that the Dodge was registered to the defendant’s father but was used by the defendant. From her father, police learned the defendant’s cell phone number. Before they were able to contact her, however, they learned that she had placed a 911 call on the morning of the stabbing and reported that the Dodge had been stolen. On June 1, 2011, police sought and obtained the CSLI information which is the subject of this motion.
The affidavit of C. Blair Sutherland, Director of Communications for the Massachusetts State Police, describes what information law enforcement collects for all 911 calls in this state. Every time a 911 call is made from a wireless phone, it is automatically routed to the Massachusetts State Police Call Center. Pursuant to state law that in 2008 established an “Enhanced 911 Program,” the Call Center is required to obtain and then maintain certain information relative to all the 911 calls that it receives. See G.L.c. 6A, Sec. 18B; see also 560 C.M.R. 5.01 et seq. That information includes the telephone number from which the call is made, the “caller ID” of the person placing the call, and his or her general location. The location information is obtained in cooperation with the cell phone provider, which provides state police with the street address of *437 the cell tower that received the “ping” of the wireless signal when the 911 call was placed. There is no ongoing tracking of the caller’s location under this procedure, nor can law enforcement use this program to engage in monitoring of an individual’s movements over time.
The detective investigating the homicide submitted a standard request for information relative to the 911 call made by the defendant the morning that Wyman was stabbed. In response, state police provided the detective with not only an audio recording of the call but also the CSLI information showing that the call came from a location in Randolph, not Dorchester as the defendant claimed. The defendant’s boyfriend Mitchell lives in Randolph. A decision was subsequently made to charge the defendant with the crime of misleading police.
DISCUSSION
The defendant contends that the acquisition of the CSLI information for this 911 call constitutes a “search” within the meaning of the Fourth Amendment and article 14. The test for determining whether a search has occurred for constitutional purposes is the two-pronged one set forth in Katz v. United States, 389 U.S. 347, 361 (1967). First, a person must exhibit an actual (subjective) expectation of privacy and, second, that expectation must be one that society is prepared to recognize as reasonable. Even assuming that the defendant did not know that her location could be traced, this Court concludes that any expectation of privacy she may have had was not a reasonable one in light of the particular circumstances presented here.
The most important circumstance is that this related to a 911 call. It would be reasonable to expect that someone making such a call is seeking emergency assistance from law enforcement and that police would therefore try to collect all the information that they could in order to respond to that request for help in an effective fashion. Callers are in fact put on notice that the information they are relaying is not private: they are informed at the outset that the call is being recorded and are asked their location. The CSLI information for these calls is based on a single “ping” off the cell tower nearest to the 911 caller at the time. It is collected and maintained pursuant to a state mandated program intended to enhance public safety. In other words, the legislature has stated that at least with respect to 911 calls, there are policies at stake which outweigh a single individual’s desire to keep his or her location secret.
This case is therefore quite different from those cases cited by the defendant where other courts (including Superior Court judges) have concluded that a warrant and probable cause is required if the government is to access CSLI information. See e.g. Commonwealth v. Wyatt, 30 Mass. L. Rptr. 270 (2012), and Commonwealth v. Pitt, 29 Mass. L. Rptr. 445 (2012) (neither of which concerned 911 calls). Certainly, this Court would be inclined to agree with the reasoning of those decisions—that is, that the ordinary cell phone user placing a non-emergency call has no reason to believe that in doing so, he or she is generating information which could be used to track the user’s movements. In contrast, a 911 caller knows that, by merely placing the call, he or she is giving up some amount of privacy. Moreover, the “Orwellian consequences” that concerned the courts in those other cases are simply not present here. The CSLI information at issue in the instant case consists of a single ping from one cell tower at an isolated point in time. There is therefore no potential for creating a comprehensive map of one’s movements which could reveal intimate details of one’s private life—a far more substantial invasion by the government which could very well require both probable cause and a warrant.
CONCLUSION AND ORDER
For the foregoing reasons, the defendant’s Motion to Suppress Evidence Relative to Cellular Tower Site Location Information is DENIED.